20-3441-ag
*Cupete v. Garland*

# United States Court of Appeals
# For the Second Circuit

August Term 2021

Submitted: March 4, 2022
Decided: March 16, 2022

No. 20-3441-ag

ROBERTO CUPETE,

*Petitioner,*

*v.*

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL

*Respondent.*

Petition from the Board of Immigration
Appeals, No. A 206 222 337.

Before:     LEVAL, SULLIVAN, PÉREZ, *Circuit Judges.*

In 2014, Roberto Cupete pleaded guilty to using a false document in connection with his application for a U.S. passport, in violation 18 U.S.C. § 1001(a). That same year, the Department of Homeland Security served Cupete with a Notice to Appear, charging him as removable. While this initial Notice to Appear did not include the date and time of Cupete's removal hearing, Cupete was subsequently served with a Notice to Appear that included that information.

Cupete then appeared, conceded removability, and applied for cancellation of removal under 8 U.S.C. § 1229b, arguing that his removal would cause hardship to his wife and three children, who are all U.S. citizens. Cupete also argued that the Immigration Judge ("IJ") lacked jurisdiction over Cupete's case because the initial Notice to Appear did not include the date and time of the removal hearing. The IJ rejected that argument and found that Cupete was not eligible for cancellation of removal because Cupete's violation of § 1001(a) was a crime involving moral turpitude. Cupete appealed to the Board of Immigration Appeals, which affirmed the IJ's decision.

Under our precedents, there can be no doubt that a Notice to Appear that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, so long as a notice specifying this information is later sent to the alien. And because a violation of § 1001(a) requires that an offender make a material misrepresentation with the intent to impair the efficiency and lawful functioning of the government, it is a crime involving moral turpitude that renders Cupete ineligible for cancellation of removal under 8 U.S.C. § 1229b. Accordingly, we **DENY** the petition for review.

DENIED.

Patrick Crowley, Esq., New York, NY, *for Petitioner*.

Brian Boynton, Acting Assistant Attorney General, Jessica A. Dawgert, Senior Litigation Counsel, Elizabeth K. Ottman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC, *for Respondent*.

*Per Curiam*:

Petitioner Roberto Cupete, a native and citizen of the Dominican Republic, petitions for review of a decision of the Board of Immigration Appeals ("BIA")

affirming the decision of an Immigration Judge ("IJ") denying his motion to terminate removal proceedings and his application for cancellation of removal. *In re Roberto Cupete*, No. A 206 222 337 (B.I.A. Sept. 14, 2020), *aff'g* No. A 206 222 337 (Immig. Ct. N.Y. City Aug. 21, 2018). The principal argument in Cupete's petition is that the BIA erred in concluding that 18 U.S.C. § 1001(a) is a crime involving moral turpitude ("CIMT") and that Cupete's conviction for violating that statue makes him ineligible for cancellation of removal. Because a violation of § 1001(a) requires that an offender make a material misrepresentation with the intent to impair the efficiency and lawful functioning of the government, we hold that it is a CIMT and thus renders Cupete ineligible for cancellation of removal under 8 U.S.C. § 1229b. Accordingly, we **DENY** the petition for review.

## I. BACKGROUND

Cupete entered the United States in 2003. In 2014, after being arrested for submitting a false document in connection with his application for a U.S. passport, Cupete pleaded guilty to making or using a false writing or document in violation of 18 U.S.C. § 1001. In June 2014, the Department of Homeland Security served Cupete with a Notice to Appear, charging him as removable for entering without inspection and as a noncitizen without valid entry documents. That Notice to

Appear stated that Cupete's removal hearing would be at a date or time "to be set." Certified Administrative Record ("CAR") at 784. After a second Notice to Appear, which provided the date and time of the removal hearing, was returned as undeliverable due to an incorrect address, DHS sent a third Notice to Appear, which Cupete received and which included the date and time of his removal hearing.

Cupete subsequently appeared, conceded removability, and applied for cancellation of removal under 8 U.S.C. § 1229b, arguing that his removal would cause hardship to his wife and three children, all of whom are United States citizens. Cupete also moved to terminate his removal proceedings, asserting that the IJ lacked jurisdiction because the initial Notice to Appear did not include the date and time of his removal hearing. The IJ denied the motion to terminate, reasoning that the defect in the Notice to Appear did not prevent jurisdiction from vesting with the Immigration Court. The IJ also denied Cupete's application for cancellation of removal, concluding that § 1001(a) was a CIMT and that Cupete's conviction therefore made him ineligible for cancellation of removal. In September 2020, the BIA affirmed the IJ's decision, adding that *Banegas Gomez v. Barr*, 922 F.3d 101, 111–12 (2d Cir. 2019) foreclosed Cupete's jurisdictional

argument. CAR at 3–4. The BIA also affirmed the IJ's ruling that Cupete was ineligible for cancellation of removal because Cupete "did not demonstrate that he was a person of good moral character during the requisite [ten] years preceding his application for cancellation of removal" due to his § 1001(a) conviction. *Id.* at 4. Cupete filed a timely petition for review in this Court.

## II. DISCUSSION

### A. The Immigration Court Had Jurisdiction Over Cupete's Removal Proceedings

Relying on *Niz-Chavez v. Garland*, 593 U.S. ---- , 141 S. Ct. 1474 (2021), Cupete argues that the Immigration Court lacked jurisdiction over his removal proceedings because his first Notice to Appear did not include the date and time of his removal hearing. In addressing this same argument, we have held that "a [Notice to Appear] that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the alien." *Banegas Gomez v. Barr*, 922 F.3d 101, 112 (2d Cir. 2019), *cert. denied sub nom. Gomez v. Barr*, --- U.S. ---- , 140 S.Ct. 954 (2020). Just a few months ago, we reaffirmed that "the jurisdictional holding of *Banegas Gomez* remains good law" after *Niz-Chavez*. *Chery v. Garland*, 16 F.4th 980, 987 (2d Cir. 2021). Although

Cupete's initial Notice to Appear did not specify the date and time of his hearing, the Immigration Court mailed him a subsequent notice that contained the date and time of the removal proceedings. Thus, the Immigration Court did not lack jurisdiction on account of a deficiency in the first Notice to Appear. *See Banegas Gomez*, 922 F.3d at 112; *Chery*, 16 F.4th at 987.

**B.** **The Agency Did not Err in Denying Cancellation of Removal Because Making a False Statement in Violation of 18 U.S.C. § 1001(a) Is a Crime Involving Moral Turpitude**

Cupete argues that the BIA erred in holding that making a false statement in violation of 18 U.S.C. § 1001(a) is a CIMT under 8 U.S.C. § 1182(a)(2)(A)(i)(I).[1] This presents an issue of first impression in our Circuit, which we now resolve.

As the parties acknowledge, and as the law makes clear, a person convicted of a CIMT, an attempted CIMT, or a conspiracy to commit a CIMT is not eligible for cancellation of removal. *See Rodriguez v. Gonzalez*, 451 F.3d 60, 62–63 (2d Cir. 2006).[2] Although our jurisdiction to review a denial of cancellation of removal is limited to constitutional claims and questions of law, *see* 8 U.S.C. § 1252(a)(2)(B),

---

[1] Although Cupete was convicted of a violation of § 1001(a)(3), we have held that held that the different subsections of § 1001(a) are not "separate offenses," but rather "different means by which the statute is violated." *United States v. Stewart*, 433 F.3d 273, 319 (2d Cir. 2006).

[2] Section 1182 provides for certain exceptions that are irrelevant here. *See* 8 U.S.C. § 1182(a)(2)(A)(ii)(II).

(D), whether Cupete's conviction falls within the definition of a CIMT is a question of law that we review de novo. *Ferreiras Veloz v. Garland*, 999 F.3d 798, 801 (2d Cir. 2021). We afford *Chevron* deference to the BIA's construction of terms such as "moral turpitude" because of the BIA's expertise in applying and construing the immigration laws. *See Gill v. INS*, 420 F.3d 82, 89 (2d Cir. 2005). But because the BIA has no particular expertise in construing federal and state criminal statutes, we review de novo the BIA's conclusion that a particular crime falls within its definition of a CIMT. *Michel v. INS*, 206 F.3d 253, 262 (2d Cir. 2000).

"Where, as here, the BIA issues an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining." *Mendez v. Mukasey*, 547 F.3d 345, 346 (2d Cir. 2008) (internal quotation marks omitted); *accord Nat. Res. Defense Council v. Nat'l Highway Traffic Safety Admin.*, 894 F.3d 95, 111 (2d Cir. 2018) ("We may only enter 'a judgment upon the validity of the grounds upon which the [agency] itself based its action.'") (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943)).

In considering whether § 1001(a) is a CIMT, the BIA, citing *Matter of Pinzon*, 26 I. & N. Dec. 189, 194-95 (B.I.A. 2013), determined that § 1001(a) was a CIMT because it "categorically involves fraud or deceit." CAR at 4. The BIA further

reasoned, citing *Matter of Jurado*, 24 I. & N. Dec. 29, 35 (B.I.A. 2006) and *Matter of Flores*, 17 I. & N. Dec. 225, 230 (B.I.A. 1980), that "[m]aking knowing and willfully false and fraudulent statements orally or in writing to a governing authority involve deceit, dishonesty, and moral turpitude." *Id.*

In *Rodriguez*, we approved as reasonable the BIA's formulation in *Flores*, that crimes "impair[ing] or obstruct[ing] an important function of a department of the government by defeating its efficiency or destroying the value of its lawful operations by deceit, graft, trickery, or dishonest means involve moral turpitude." *Rodriguez*, 451 F.3d at 63 (internal quotation marks omitted). Then, in *Pinzon* and *Jurado*, the BIA repeated this standard. *Pinzon*, 26 I. & N. Dec. at 194; *Jurado*, 24 I. & N. Dec. at 35. On this basis, we conclude that the standard considered by the BIA in this case to determine whether § 1001(a) was a CIMT, was reasonable. We thus consider whether § 1001(a) is a categorical match with the standard employed by the BIA in this case, which standard we have previously found to be a reasonable interpretation of the statute.

To secure a conviction under § 1001(a), the Government must show that a defendant (1) knowingly and willfully, (2) made a materially false, fictitious, or fraudulent statement, or falsified or concealed a material fact, or made or used a

false writing or document, (3) in relation to a matter within the jurisdiction of a department or agency of the United States, (4) with knowledge that it was false or fictitious or fraudulent. *United States v. Coplan*, 703 F.3d 46, 78 (2d Cir. 2012); 18 U.S.C. §§ 1001(a)(1)-(3).  For the falsity to be material, a statement must have "a natural tendency to influence, or [be] capable of influencing, the decision of the decisionmaking body to which it was addressed." *United States v. Gaudin*, 515 U.S. 506, 509 (1995) (quoting *Kungys v. United States*, 485 U.S. 759, 770 (1988)).

Because § 1001(a) requires that the offender act "knowingly and willfully" in making a materially false statement to, or concealing a material fact from, the government, 18 U.S.C. § 1001(a), a conviction for a violation of § 1001(a) necessarily requires "deceit and an intent to impair the efficiency and lawful functioning of the government," *Rodriguez*, 451 F.3d at 64.  Applying the *Flores* standard, the *Rodriguez* panel determined that these two elements were sufficient to give CIMT status to violations of 18 U.S.C. § 1542, which forbids making false statements in a passport application.  *Id.*  This analysis is equally applicable to § 1001(a).  We therefore hold that § 1001(a) also qualifies as a CIMT.

Other circuits agree with our holding that a conviction under § 1001(a) is a CIMT.  *See Fayzullina v. Holder*, 777 F.3d 807, 814 (6th Cir. 2015); *Ghani v. Holder*,

557 F.3d 836, 840 (7th Cir. 2009).  And while we do not owe the BIA's interpretation of a federal criminal statute *Chevron* deference, *see Michel*, 206 F.3d at 262, we note that the BIA has also said that a conviction for violating § 1001(a) is a conviction for a CIMT, *see Pinzon*, 26 I. & N. Dec. at 195.

Accordingly, we find no error in the BIA's conclusion that a conviction for a violation of § 1001(a) is a CIMT, nor did the BIA err in concluding that Cupete's conviction for a violation of § 1001(a) renders him ineligible for cancellation of removal.

### III.    CONCLUSION

For the foregoing reasons, the petition for review is **DENIED.**