Reyes Santos v. Bondi

BIA
Christensen, IJ
A208 868 157

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand twenty-five.

PRESENT:
> JOSÉ A. CABRANES,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

JOSE LEONEL REYES SANTOS,
> *Petitioner,*

v.                                                            23-7182
                                                              NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                    Bruno J. Bembi, Hempstead, NY.

**FOR RESPONDENT:**           Brian Boynton, Principal Deputy Assistant
                              Attorney General; Jessica E. Burns, Senior
                              Litigation Counsel; Rosanne M. Perry, Trial
                              Attorney, Office of Immigration Litigation,
                              U.S. Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**,

**AND DECREED** that the petition for review is **DENIED**.

Petitioner Jose Leonel Reyes Santos, a native and citizen of El Salvador,

seeks review of a September 11, 2023 decision of the BIA summarily affirming an

October 21, 2019 decision of an Immigration Judge ("IJ") denying his application

for asylum, withholding of removal, and relief under the Convention Against

Torture ("CAT").  *In re Jose Leonel Reyes Santos*, No. A208 868 157 (B.I.A. Sept. 11,

2023), *aff'g* No. A208 868 157 (Immig. Ct. N.Y.C. Oct. 21, 2019).  We assume the

parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision because the BIA summarily affirmed it

without opinion.  *See Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).  We review

fact-finding "under the substantial evidence standard" and questions of law and

the application of law to fact de novo.  *Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir.

2018).  "[T]he administrative findings of fact are conclusive unless any reasonable

2

adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## I.    Notice to Appear

Reyes Santos argues that his Notice to Appear did not vest jurisdiction with the immigration court because it lacked the date and time of his initial hearing. This argument is not properly before us because he did not exhaust it before the agency. *See Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it."). Even so, the argument lacks merit because the omission of a hearing date from a Notice to Appear does not strip the immigration court of jurisdiction where, as here, the petitioner was later sent a hearing notice with that information. *See Cupete v. Garland*, 29 F.4th 53, 57 (2d Cir. 2022).

## II.    Asylum and Withholding of Removal

Reyes Santos asserted a fear of recruitment by gangs, alleging that gang members had intimidated him and other family members in the past and had once tried to break into his grandmother's house. An applicant for asylum and withholding of removal has the burden to establish past persecution or at least a

3

well-founded fear that he will be persecuted in the future, 8 C.F.R. §§ 1208.13(b), 1208.16(b), and "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant," 8 U.S.C. § 1158(b)(1)(B)(i); *see Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (the "one central reason" standard applies to both asylum and withholding of removal).

Reyes Santos has abandoned his asylum and withholding of removal claims by failing to present sufficient factual or legal arguments regarding his alleged protected grounds. "We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted). Reyes Santos has abandoned political opinion as a basis for asylum and withholding by failing to mention it in his brief. *See id.* Moreover, "refusing to join a gang without more does not constitute a political opinion." *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 200 (2d Cir. 2021) (quotation marks omitted).

Reyes Santos's challenges to the IJ's particular social group findings are also abandoned. He had the burden to establish both that his proposed group was

4

cognizable, and that his membership in the group was a reason gang members targeted him or would target him. *See Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014). To constitute a cognizable particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Id.* at 196 (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). The IJ determined that Reyes Santos's proposed particular social group— "Salvadoran youth who are deported back to El Salvador and left without familial protection"—was not cognizable because there was no evidence that it was socially distinct, because the term "familial protection" was vague, given that Reyes Santos lived with his grandmother, who provided some familial protection, and because the term "youth" was subjective.

Reyes Santos generally contends that he established a particular social group, but he does not cite record evidence that Salvadoran society views the group as distinct, and he does not address particularity other than to state that the size of the group does not matter. He has thus abandoned these grounds for relief by making only conclusory arguments that he established a cognizable social group. *See Debique*, 58 F.4th at 684; *Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d

5

Cir. 2005) (finding an issue abandoned where petitioner "devote[d] only a single conclusory sentence" to it).

Being targeted by gangs, without more, does not establish persecution of a particular social group. "When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the [Immigration and Nationality Act]." *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007). The failure to establish a protected ground is dispositive of asylum and withholding of removal, so we need not reach the IJ's nexus findings. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i) (asylum), 1231(b)(3)(A) (withholding); *Paloka*, 762 F.3d at 195; *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

## III. CAT Claim

A CAT applicant has the burden to show that he would "more likely than not" be tortured and that the torture would be by or with the acquiescence of government officials. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). An applicant "will never be able to show that he faces a more likely than not chance of torture if one

6

link in the chain cannot be shown to be more likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." *Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (quotation marks omitted). In determining whether torture is more likely than not, the agency must consider:

> all evidence relevant to the possibility of future torture . . . including, but not limited to: (i) Evidence of past torture inflicted upon the applicant; (ii) Evidence that the applicant could relocate to a part of the country where he or she is not likely to be tortured; (iii) Evidence of gross, flagrant or mass violations of human rights within the country of removal, where applicable; and (iv) Other relevant information regarding conditions in the country of removal.

8 C.F.R. § 1208.16(c)(3).

The record does not compel a conclusion that Reyes Santos will more likely than not be tortured. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021) (holding that where "the agency's conclusion finds support in record evidence, [a petitioner] cannot secure CAT relief by pointing to conflicting evidence that might support—but not compel—a different conclusion"). First, Reyes Santos suffered no past torture. *See* 8 C.F.R. § 1208.16(c)(3)(i). He identified two run-ins with gangs two years apart, once where they shot in the air on his way home from church and once when they tried to enter his grandmother's

home, but he was not harmed during either incident. And he alleged that kids at school were using drugs and threatened a teacher, but he was not threatened. These incidents do not constitute torture. *Id.* § 1208.18(a)(1) ( "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted . . . .").

Second, the IJ did not err in finding that Reyes Santos's fear of future torture was speculative. Besides the lack of past physical harm, the incidents he complained of were each two years apart. During the first incident, gang members fled when they thought the police were coming. In the second, he did not know why gang members attempted to enter his grandmother's house. And in the third, even after he saw students using drugs, he remained unharmed for several months before leaving El Salvador.

Reyes Santos claims that gang members will recruit or kill him, but he does not show that gang members tried to do so in the past, and he does not identify evidence to suggest that this recruitment is more likely than not to occur in the future. *See Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 158 (2d Cir. 2005) (requiring "particularized evidence suggesting that [an applicant] is likely to be subjected to torture").

8

For the foregoing reasons, the petition for review is **DENIED**.   All pending

motions and applications are **DENIED** and stays **VACATED**.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court