Matthews v. Bondi

BIA
A042 231 142

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand twenty-five.

PRESENT:
  **RAYMOND J. LOHIER, JR.,**
  **STEVEN J. MENASHI,**
  **ALISON J. NATHAN,**
   *Circuit Judges.*

_____

**GERARD PATRICK MATTHEWS,**
  *Petitioner,*

  **v.**

**PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,**
  *Respondent.*

_____

**21-6379(L),**
**21-6546(Con)**
**NAC**

**FOR PETITIONER:**    Gerard Matthews, pro se, Bronx, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Marie V. Robinson, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Gerard Patrick Matthews, proceeding *pro se*, petitions for review of June 7, 2021 and September 29, 2021 decisions of the BIA denying his motions to reopen and terminate his removal proceedings. *In re Gerard Patrick Matthews*, No. A042 231 142 (B.I.A. June 7, 2021, Sept. 29, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

Matthews's petitions are timely as to the BIA's 2021 decisions denying his motions to reopen and terminate but not as to the BIA's underlying 2016 removal order. So the 2021 decisions denying his motions are the only ones before us. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). We review the BIA's denial of a motion to reopen for abuse of discretion and underlying factual findings for substantial evidence, *Jian Hui Shao v. Mukasey*,

546 F.3d 138, 168–69 (2d Cir. 2008), but we review de novo constitutional claims and questions of law, *Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011).

**A. Docket No. 21-6379(L): Denial of Untimely Motion to Reopen**

A motion to reopen must "be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). It is undisputed that Matthews's 2020 motion to reopen was untimely because he filed it four years after his removal order became final in 2016.

Equitable tolling may excuse the time limitation, but only where a movant demonstrates that "some extraordinary circumstance stood in [his] way." *Doe v. United States*, 76 F.4th 64, 71 (2d Cir. 2023) (quotation marks omitted). Absent equitable tolling, the BIA may reopen proceedings sua sponte despite the time limitation. 8 C.F.R. § 1003.2(a). However, that authority "is entirely discretionary and therefore beyond" our jurisdiction, *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006), except we may remand if the BIA "misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009); *see also Li Chen v. Garland*, 43 F.4th 244, 253–54 (2d Cir. 2022). The BIA limits sua sponte reopening to "exceptional situations." *In re G-D-*, 22 I. & N. Dec. 1132, 1134–35 (B.I.A. 1999).

3

For a change in the law to be considered exceptional, it must be fundamental rather than incremental. *Id.* at 1135.

We find no error or misperception of the law in the BIA's determination that Matthews did not show that *Obeya v. Sessions*, 884 F.3d 442 (2d Cir. 2018), and *Matter of Soram*, 25 I. & N. Dec. 378 (B.I.A. 2010), constituted a fundamental change in law that warranted excusing the untimely filing of his motion to reopen or sua sponte reopening. In *Obeya*, we applied a decades-old test to determine whether a statute is impermissibly applied retroactively. 884 F.3d at 445–49. And, as we held in *Marquez v. Garland*, *Soram* was not a departure from BIA case law but was instead "an attempt to fill a void in an unsettled area of law" and thus "applies retroactively." 13 F.4th 108, 114 (2d Cir. 2021).

**B. Docket No. 21-6546(Con): Denial of Motion to Terminate**

Matthews argues that, under *Pereira v. Sessions*, 585 U.S. 198 (2018), and *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), the agency lacked jurisdiction over his removal proceedings because his notice to appear did not include the date, time, or location of his hearing. Given that he was served with a hearing notice providing the missing information, his jurisdictional argument is foreclosed by *Banegas Gomez v. Barr*, 922 F.3d 101, 105, 112 (2d Cir. 2019); *see also Chery v. Garland*,

4

16 F.4th 980, 987 (2d Cir. 2021); *Cupete v. Garland*, 29 F.4th 53, 57 (2d Cir. 2022).

**C. Miscellaneous Arguments and Motions**

We do not reach Matthews's constitutional challenges to his underlying removal order because they are unexhausted and beyond the scope of our review of his petitions for review of the BIA's denial of his motions to reopen and terminate. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (recognizing that issue exhaustion is mandatory); *see also Kaur*, 413 F.3d at 233. As the Government argues, Matthews's supplemental brief and motion to file a second supplemental brief raise arguments that are outside the scope of our review.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court