*Bakouan v. Bondi*

BIA
Christensen, IJ
A208 098 750

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand twenty-five.

PRESENT:
>       SUSAN L. CARNEY,
>       RICHARD J. SULLIVAN,
>       BETH ROBINSON,
>           *Circuit Judges.*

_____

ROLAND BAKOUAN,
>       *Petitioner*,

>       v.                                                              23-7100
>                                                                       NAC

PAMELA BONDI, United States Attorney
General,
>       *Respondent*.

_____

**FOR PETITIONER:**          Mercedes Altman, Esq., Westbury, NY.

**FOR RESPONDENT:**          Brian M. Boynton, Principal Deputy Assistant Attorney General; Erica B. Miles, Assistant Director, Office of Immigration Litigation; Craig A. Newell, Jr., Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Roland Bakouan, a native and citizen of Burkina Faso, seeks review of an August 25, 2023 decision of the BIA affirming a September 5, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bakouan*, No. A208 098 750 (B.I.A. Aug. 25, 2023), *aff'g* No. A208 098 750 (Immig. Ct. N.Y.C. Sept. 5, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

"Where . . . the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision . . . we review the IJ's decision including the

2

portions not explicitly discussed by the BIA." *Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review questions of law and the application of law to fact *de novo* and "factual findings, including adverse credibility findings, under the substantial evidence standard[.]" *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]" 8 U.S.C. § 1252(b)(4)(B).

As an initial matter, we reject Bakouan's claim that the agency lacked jurisdiction over his removal proceedings. Bakouan emphasizes that the Notice to Appear that he initially received did not include a hearing date. But "a Notice to Appear that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the alien." *Cupete v. Garland*, 29 F.4th 53, 57 (2d Cir. 2022) (internal quotation marks omitted and alterations accepted). Here, Bakouan received such additional notice, and the immigration court thus had jurisdiction.

As to Bakouan's application for relief from removal, substantial evidence supports the agency's adverse credibility determination. "Considering the

3

totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. And "[w]here the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief." *Id.* at 76.

The IJ reasonably relied on Bakouan's omission of material information from his application and initial written statement. First, and most significantly, Bakouan's initial statement merely alleged that his family was subjected to harassment and verbal threats, whereas in later statements he alleged that he was severely beaten on two occasions, resulting in head trauma, a lost tooth, and serious leg and foot injuries. Second, Bakouan's initial statement reported that

4

only his father had to flee to the Ivory Coast, whereas he later claimed that he himself fled along with his father. Finally, Bakouan's initial statement simply mentioned that he was a member of the Congress for Democracy and Progress, whereas he later claimed to be a student activist, recruiter, and informant.

The IJ did not err in relying on these omissions. Although we have cautioned that "omissions are less probative of credibility than . . . direct contradictions in evidence and testimony," the probative value of a particular omission depends on "whether [the omitted] facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances." *Hong Fei Gao*, 891 F.3d at 78–79 (internal quotation marks omitted). Here, the omitted information was highly probative because it was about the most severe harm Bakouan suffered, whether he had to flee Burkina Faso to escape serious harm, and the nature of the political activity that was the reason for the alleged harm. *See Singh v. Garland*, 6 F.4th 418, 428 (2d Cir. 2021) ("Whether . . . two . . . statements are inconsistent depends in part on the importance that the omitted fact would have had for the purpose of the earlier telling."); *id.* ("[A] petitioner who later claims to have been brutally beaten but omitted any reference to a beating from his earlier description of his persecution

5

. . ., can be properly found to have made inconsistent statements and to have fabricated the later assertion because the fact of the beating would have been so important to his earlier claim that he would have been expected to have included it in the earlier statement.").

Bakouan argues that the IJ nonetheless should have credited his testimony because (1) a non-lawyer acquaintance helped him fill out his application; and (2) he suffers from PTSD.   But "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony."   *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted). Given Bakouan's education, awareness of the purpose and contents of the application, and the instruction on the application form to provide details, the agency was not required to credit Bakouan's claim that he misunderstood the nature of the form.   And Bakouan has not explained, at any stage in the proceedings, how his PTSD might have led to the omissions and inconsistencies that undermined his credibility.

Bakouan has also failed to corroborate his account with any reliable evidence.   *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An

6

applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). While Bakouan's friends sent letters supporting him, the IJ did not err in affording "little weight" to these letters "because the declarants . . . were interested parties and [were not] available for cross-examination." *Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020).

In sum, the material omissions and the absence of reliable corroboration of the alleged harm provide substantial evidence for the adverse credibility determination. If "even a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible," "[m]ultiple inconsistencies" – like those at issue here – "would so preclude [him] even more forcefully." *Id.* at 145 n.8.

Finally, insofar as Bakouan requests remand to pursue a favorable exercise of prosecutorial discretion, we lack jurisdiction over the Department of Homeland Security's discretionary decisions. *See* 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate

cases, or execute removal orders against any alien under this chapter."); *Ali v. Mukasey*, 524 F.3d 145, 150 (2d Cir. 2008) (section 1252(g) is "deemed to refer to DHS" (citing 6 U.S.C. § 557)); *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 n.9 (1999) ("Section 1252(g) was directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8