24-2711
Zhang v. Bondi

BIA
A073 558 141

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand twenty-six.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

YING ZHANG,
> *Petitioner*,

v. 24-2711
NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:                    Margaret W. Wong, Margaret W. Wong &
                                   Associates, Cleveland, OH.

FOR RESPONDENT:                    Brett A. Shumate, Assistant Attorney General;
                                   Colin J. Tucker, Senior Litigation Counsel;
                                   Nancy D. Pham, Trial Attorney, Office of
                                   Immigration Litigation, United States
                                   Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ying Zhang, a native and citizen of the People's Republic of China, seeks review of a September 20, 2024 decision of the BIA denying her motion for reconsideration of the denial of her third motion to reopen. *In re Ying Zhang,* No. A 073 558 141 (B.I.A. Sept. 20, 2024). We assume the parties' familiarity with the underlying facts and procedural history.

Our review is limited to the BIA's denial of reconsideration. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). A motion for reconsideration "shall specify the errors of law or fact in the previous order." 8 U.S.C. § 1229a(c)(6)(A); *see Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) ("A motion for reconsideration is a request that the Board reexamine its decision in light of additional legal

2

arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." (internal quotation marks omitted)). We review the denial of such a motion for abuse of discretion. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 173 (2d Cir. 2008). The agency "abuses this discretion if it acts in an arbitrary or capricious manner, or if its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) (internal quotation marks omitted).

Zhang sought reconsideration of the denial of her 2018 motion to reopen to apply for cancellation of removal as a nonpermanent resident.[1] As the BIA found, and Zhang does not dispute, her 2018 motion was untimely and number-barred because it was her third motion and she filed it more than a decade after her

---

[1] Zhang's reconsideration motion also argued that she should have an opportunity to apply for adjustment of status or cancellation of removal for permanent residents, or that the proceedings should be terminated for lack of jurisdiction; she does not raise those claims here. Thus, we consider those claims abandoned. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023). In addition, the jurisdictional argument she pressed before the agency is foreclosed. *See Cupete v. Garland*, 29 F.4th 53, 57 (2d Cir. 2022) (holding that a notice to appear that omits hearing information is sufficient to vest jurisdiction in the immigration court if the omitted information is later provided).

removal order became final in October 2006.  *See* 8 U.S.C. §§ 1101(a)(47)(B)(ii)

(order of removal becomes final upon the expiration of the time to appeal to the

BIA), 1229a(c)(7)(A), (C)(i) (permitting one motion to reopen filed within 90 days

of final order of removal).  A motion to reopen to apply for cancellation of removal

does not fall into a statutory or regulatory exception to the time limitation.  *See id.*

§ 1229a(c)(7)(C) (listing exceptions); 8 C.F.R. § 1003.2(c)(3) (same).

Equitable tolling may excuse these requirements, but only if the movant

demonstrates that an "extraordinary circumstance," *Doe v. United States*, 76 F.4th

64, 71 (2d Cir. 2023) (internal quotation marks omitted), such as ineffective

assistance of counsel or "fraud or concealment of the existence of a claim

prevent[ed the movant] from timely filing," *Iavorski v. INS*, 232 F.3d 124, 133–34

(2d Cir. 2000).[2]  Zhang did not show error in the BIA's denial of equitable tolling.

To be eligible to apply for cancellation of removal, a non-permanent

resident, like Zhang, must have 10 years of continuous physical presence in the

United States and demonstrate that her removal would result in "exceptional and

---

[2] To the extent that Zhang argues that she is entitled to equitable tolling of the 30-day period to move for reconsideration of the BIA's 2018 decision, her argument is misplaced because the BIA did not deny her reconsideration motion as untimely.

4

extremely unusual hardship" to a qualifying relative such as a U.S.-citizen spouse or child. 8 U.S.C. § 1229b(b)(1)(A), (D). In *Pereira v. Sessions*, the Supreme Court held that a notice to appear must include the hearing time and place to trigger the "stop-time rule," 585 U.S. 198, 208–19 (2018), which cuts off the accrual of physical presence, *see* 8 U.S.C. § 1229b(b), (d)(1). Then, in *Niz-Chavez v. Garland*, the Supreme Court held that, for purposes of this "stop-time" rule for calculating presence, a subsequent hearing notice is insufficient to cure the defect in the notice to appear. 593 U.S. 155, 160–71 (2021).

Accordingly, because Zhang's notice to appear omitted the initial hearing information, it did not stop her accrual of presence. However, as the BIA found and Zhang does not dispute, she was ineligible for cancellation of removal during her 2006 removal proceedings or the 90-day period for reopening thereafter (expiring in January 2007) for reasons unrelated to the stop-time rule. She did not have a qualifying relative, as she was unmarried between 2005 and 2016 and her child was born in May 2007. And she does not dispute that her continuous presence should be calculated from her 1998 entry following her prior removal

5

order, such that she could not have accrued 10 years of continuous presence until 2008.

Except for asylum claims based on changed conditions in the country of removal, becoming eligible for relief after being ordered removed is not an exception to the time and number limitations for reopening, and it is not so uncommon that it constitutes extraordinary circumstances warranting equitable tolling. *See* 8 U.S.C. § 1229a(c)(7)(C); *Doe*, 76 F.4th at 71; *see also, e.g.*, *Yan Lan Hong v. McHenry*, No. 23-7028, 2025 WL 384713, at *1 (2d Cir. Feb. 4, 2025) (summary order) (finding that *Niz-Chavez* did not provide a basis for equitable tolling where petitioner did not accrue required physical presence until after the time to seek reopening expired).

Absent tolling of these limits, the BIA could still consider Zhang's motion under its authority to reopen sua sponte "at any time," 8 C.F.R. § 1003.2(a), but Zhang does not challenge the denial of sua sponte reopening here, and we lack jurisdiction to review that "entirely discretionary" decision, *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

Accordingly, the BIA acted within its discretion in denying reconsideration because Zhang failed to demonstrate error in the BIA's prior denial of reopening as untimely and number-barred. Given that finding, we need not address the BIA's alternative finding that Zhang failed to establish a prima facie claim for cancellation of removal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7