Lam v. Blanche

BIA
Campanella, IJ
A076 544 437

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand twenty-six.

PRESENT:
>  DENNIS JACOBS,
>  RICHARD C. WESLEY,
>  MICHAEL H. PARK,
>    *Circuit Judges.*

_____

XIANG DE LAM,

>  *Petitioner*,

>  v.                                          **25-78**
>                                              **NAC**

**TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,**

*Respondent.*<sup></sup>*

_____

FOR PETITIONER:                    Felipe Alexandre, Esq., Alexandre Law Firm, Flushing, NY.

FOR RESPONDENT:                Brett A. Shumate, Assistant Attorney General; Lisa M. Arnold, Senior Litigation Counsel; Todd J. Cochran, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiang De Lam, a native and citizen of the People's Republic of China, seeks review of a December 13, 2024, decision of the BIA dismissing his appeal from an April 28, 2021, decision of an Immigration Judge ("IJ") denying his motion to reopen his removal proceedings. *In re Xiang De Lam*, No. A076 544 437 (B.I.A. Dec. 13, 2024), *dismissing appeal from* No. A076 544 437 (Immig. Ct. N.Y. City Apr. 28, 2021). We assume the parties' familiarity with the underlying facts and

_____

* The Clerk of Court is respectfully directed to amend the caption as set forth above.

procedural history.

We review the agency's denial of a motion to reopen for abuse of discretion and underlying factual findings for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). Lam's motion to reopen was untimely because he filed it more than 21 years after his final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (setting 90-day deadline for motions to reopen). And he moved to reopen to apply for cancellation of removal, so his motion did not fall into a statutory or regulatory exception to the deadline. *See* 8 U.S.C. § 1229a(c)(7)(C) (listing exceptions); 8 C.F.R. § 1003.23(b)(4) (same); *Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009). He did not move to reopen to re-apply for asylum or raise before the agency his assertion that the changed country conditions exception applied, so these arguments are unexhausted and we do not consider them.[1] *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a

---

[1] Any argument that Lam's notice to appear, which omitted the date and time of his initial hearing, was insufficient to vest jurisdiction with the IJ fails because Lam later received a hearing notice providing that information. *See Banegas Gomez v. Barr*, 922 F.3d 101, 112 (2d Cir. 2019) ("[A]n NTA that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the alien."); *see also Cupete v. Garland*, 29 F.4th 53, 57 (2d Cir. 2022).

3

specific argument made to the BIA, it has not been properly exhausted and we cannot hear it.").

Lam suggests that even if his motion to reopen was untimely, the agency should have exercised its discretionary authority to reopen under 8 C.F.R. §§ 1003.2(a), 1003.23(b)(1). We lack jurisdiction to review that decision, *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006), except that we may remand if the BIA "misperceived the legal background" and denied sua sponte reopening based on an erroneous determination that a petitioner was not eligible for the relief sought, i.e., that "reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). The agency did not decline to reopen sua sponte based on Lam's failure to establish his eligibility for relief; it explained, in accordance with its regulations and precedent, that its discretionary authority to reopen was not a means to avoid enforcement of the time limits on motions. *See In re J-J-*, 21 I. & N. Dec. 976, 984 (B.I.A. 1997) ("The power to reopen on our own motion is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship."). And the agency did not misperceive the law because becoming potentially eligible for relief from

4

removal years after being ordered removed is not an exceptional circumstance warranting sua sponte reopening. *See id.*

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5